

FILED
1/3/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDARRO T. DORSEY ) | |
| ) | |
| Plaintiffs, | Case No. 23-cv-15149 |
| v. | |
| CITY OF CHICAGO/CHICAGO POLICE DEPT. OFFICERS DANIEL FAIR (#9778), FRED B. COFFEY (#1438), KEVIN TAYLOR (#17121), JEFFERY MORROW (17957), LAUREN HOLT (#18899), ARIEL WILLIAMS (#6885), WILLIAM T. SIERZEGA (#19352), ANTHONY SANCHEZ (#11387), CARLOS PONCE (#11493), MARCUS TURNER (#14203), GABRIEL CAMPOS (#2153), in their individual capacities, | Hon. Rebecca R. Pallmeyer |
| Defendants. ) | |

## AMENDED COMPLAINT

Comes Now, I CORDARRO DORSEY file This lawsuit and, or civil action against the Chicago Police Department (5th, 6th, & 22nd district) and or The City of Chicago, with pricncipal place of business and service in Chicago, Illinois, Cook County. I am requesting for declaratory, injunctive and monetary relief against the CITY OF CHICAGO, as well as CPD Officers DANIEL FAIR, FRED B. COFFEY, KEVIN TAYLOR, JEFFERY MORROW, LAUREN HOLT, ARIEL WILLIAMS, WILLIAM T. SIERZEGA, ANTHONY SANCHEZ, CARLOS PONCE, MARCUS TURNER, GABRIEL CAMPOS, in the total sum of $250,000 for the following violations and,or damages.

- **-Unlawful search and seizure**  — U.S. CONST. AMEND. IV - 18 U.S.C. *241 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW
- **-Wrongful Arrest**
- **-False Imprisonment**  — 42 U.S.C. 1983/1982
- **-Property Damage**  — 720 ILCS 5/10-3 UNLAWFUL RESTRAINT
- **-Pain & Suffering**  — 50 ILCS 705/6.3 - 20 ILCS 2610/12.7
- **-Emotional Distress**  — 735 ILCS 5/13-202 PERSONAL INJURY
- **-Police Misconduct**

# INTRODUCTION

6TH-DISTRICT COMPLAINT #1- *Unlawful Detainment, fasle arrest, Coercion, and Violations of civil rights*

1. Plaintiff, Cordarro Dorsey, brings this action against the Defendant, officer William T. Sierzega (#19352) of the 6th District- Chicago Police Dept., pursuant to 42 U.S.C. § 1983 and state law, for the unlawful and egregious actions taken against the Plaintiff on September 17, 2018, and Dismissed on Septmeber 26, 2023.

2. The Defendant, a sworn officer of the Chicago Police Department, unlawfully detained, arrested, and coerced the Plaintiff, all while disregarding the Plaintiff's constitutional rights and inflicting further harm upon the Plaintiff who had sustained a broken face following a vehicle accident which occured in the Gresham neighborhood of Chicago at approximately.

3. On the aforementioned date, the Plaintiff was involved in a vehicular accident along with two passengers which resulted in severe injuries, including a broken face. Despite the Plaintiff's vulnerable state, the Defendant, without probable cause or lawful justification, proceeded to unlawfully detain and arrest the Plaintiff, depriving him of his liberty and subjecting him to unnecessary distress and harm.

4. During the course of the detention and arrest, the Defendant refused the Plaintiff a sobriety test, ignoring standard procedure and the Plaintiff's rights. The Defendant initiated an hour long unlawful stop and or investigation, in which should have been a crash report. Instead, the Defendant coerced the Plaintiff into exessive field sobriety tests in which the plaintiff successfully completed, by omission of Defendant caught on body camera; however, maliciously excluding the breath sobriety test that Plaintiff in a state of duress requested; Instead the Defendant coerced the plaintiff into allowing a hospital to draw blood, further violating the Plaintiff's bodily integrity without legal basis or consent.

5. The Defendant's actions were not only unjustified and unlawful but also resulted in severe emotional distress, physical harm, and a violation of the Plaintiff's constitutional rights. The Defendant's conduct represents a clear abuse of power, and it is imperative that the Court holds the Defendant accountable for his actions and provides the Plaintiff with the appropriate relief.

6. As a direct result of the Defendant's actions, the Plaintiff has suffered and continues to suffer significant damages, including but not limited to physical injuries, emotional distress, and violations of his civil rights. The Plaintiff received a statutory suspension upon his driving record in which was later rescinded by Judge order. The Plaintiff was removed from Trucking school in which he was registered, following the egregeiuos actions caused by the Defendant. Reluctantly, after 5 years of being maliciously prosecuted, In September of 2023 The Plaintiff and all charges were dismissed by Judge order. The Plaintiff, seeks redress for these injuries and the deprivation of his rights through this action.

7. The Plaintiff, was subjected to tow and city fees along with other undue hardships in result of the constituntional violations imposed by Defendant.

## 5TH-DISTRICT COMPLAINT

*Unlawful Detainment, Unlawful Search and Seizure, Excessive Use of Force, Maliciuos prosecution, Harrasment, Police Misconduct, and Violation of Civil Rights*

8. Plaintiff, Cordarro Dorsey, brings this action against the Defendants, Daniel Fair (#9778), Fred B. Coffey (#1438), Kevin Taylor (#17121), Jeffery Morrow (#17957), pursuant to 42 U.S.C. § 1983 and state law, for the unconstitutional and unlawful actions taken against the Plaintiff on July 4, 2021. The Defendants, including a group of unamed Chicago police officers and the Sergeant on Duty (Fred B. Coffey), unlawfully detained, arrested, subjected to invasive and degrading search, seized the Plaintiff's vehicle, and employed excessive force, causing severe distress and harm to the Plaintiff.

9. On the aforementioned date, the Plaintiff, who was lawfully parked on a residential block and not in motion, at 640 W. 123rd st. Chiacgo, IL 60628, while dropping off a friend and her children to their home, was subjected to egregious and unlawful treatment at the hands of the Defendants, officers, D. Fair, K. Taylor, and J. Morrow, whom initiated the unlawful stop. Prior to exiting the vehicle, the Plaintiff requested that the sergeant be called to the scene due to a legitimate fear for his life. Once the sergeant arrived (Fred B. Coffey), the Plaintiff, from inside the vehicle, explained the situation and the stop in its entirety to the sergeant, asserting his right to inform them several times, "I DO NOT CONSENT TO ANY SEARCHES OR SEIZURES."

10. Despite the Plaintiff's explanation, and after confirming the Plaintiff's valid driver's license, insurance, and registration, the sergeant unlawfully demanded the Plaintiff to exit the vehicle. In an attempt to avoid noncompliance and escalating the situation, the Plaintiff exited the vehicle.

11. The Plaintiff asserts that the City of Chicago's policy on stop and frisk and warranted and unwarranted searches and seizures is continuously the moving force behind these officers' trainings, which have resulted in the repeated violations of targeted communities' constitutional rights. The Defendants' actions are emblematic of a larger pattern of constitutional violations perpetuated by the City of Chicago's law enforcement policies and the training of its officers, which have led to the systemic targeting and mistreatment of community members.

12. During the subsequent detention and arrest, the Defendants conducted an invasive and degrading search of the Plaintiff, including going inside the Plaintiff's underwear and removing the Plaintiff's socks, actions that were unwarranted, humiliating, and in violation of the Plaintiff's rights.

13. Additionally, the Defendants unlawfully seized and towed the Plaintiff's vehicle without legal basis, further depriving the Plaintiff of his property and subjecting him to undue hardship.

14. Following the unlawful detention, the Defendants placed the Plaintiff in exessively tight handccuffs, although, the Plaintiff showed no resistance; the force caused extreme anxiety and ultimately lead to a panic attack and subsequent vomiting by Plaintiff. The Plaintiff was then taken into custody, held for several hours, and transported to Cook County Correctional Facility, where he was further subjected to unconstitutional and inhumane treatment for several days; not excluding, "Electrically Monitored Home Confinement" for almost 16 months after release.

15. The Defendants' actions represent a clear abuse of power and a violation of the Plaintiff's constitutional rights. The Plaintiff seeks redress for the severe emotional distress, physical harm, and violations of his civil rights caused by the Defendants' unconstitutional and unlawful conduct. All Defendant officers named in this complaint have previously been reprimanded and/or received violatons for these exact violations in the more recent past.

16. The Plaintiffs, unlawfully, prosecuted charges, were dismissed w/prejudice, and deemed a violation, against the Plaintiffs, 4th Amendment constitutional right, imposed, by named Defendant officers; Daniel Fair, Kevin Taylor, and Jeffrey Morrow, and Sergeant Fred B. Coffey. Officer Taylor, whom maliciously disregarded, and remained absent during all court proceedings, maintained a fictitious medical alibi, with the assistance of his fellow officer Daniel Fair, and the 6th District Chicago Police Department; By an Cook County Circuit Court Judge, in the month of October, year 2022.

17. All named Defenadant officers, in this complaint have been sanctioned, reprimanded, terminated, demoted, suspended, and/or investigated for the exact allegations named in this complaint; against several other community residents as well, all whom who share the same genders, racial backgrounds, and/or constitutional rights, in which have been violated, on repeated occasions, by these named Defendants.

18. Plaintiff, in early Februrary, of 2023, also reported an aligned complaint to the "COPA/ Internal Affairs" (Civilian Office of Police Accountability) Along with a "Letter of Intent" to the 5th District Police Dept., pertaining to this complaint, and all violations imposed by All named Defendants.

19. After careful review and/or conclusion in regard to filed complaint, it was deemed and also "Sustained" By named Chicago Police Internal Affair Agency, that The allegations were supported by sufficient evidence to justify disciplinary action upon named officers and/or Defendants.

## 6TH-DISTRICT COMPLAINT #2

*Unlawful stop, Harassment, Arrest, Unlawful seizure, excessive force, Police Misconduct, and Maliciuous Prosecution*

20. This is an action for damages and injunctive relief arising out of the unlawful and unconstitutional conduct of the Chicago Police Department and its Defendant officers Lauren Holt (#18899), and Ariel Williams (#6885), during a unlawful traffic stop on November 19, 2022.

21. On that date, Plaintiff was driving eastbound on 87th street in Chicago, IL when he noticed a dark grey squad car headed westbound on 87th street suddenly make an abrupt U-turn in an attempt to get behind his vehicle, and immediately activate its emergency lights, effectuating an unlawful stop.

22. During the stop, Plaintiff was subjected to harassment, arrest, and unlawful charges of obstruction. Additionally, Plaintiff was forcefully and excessively placed into a squad car and subjected to ridicule by the defendants. Furthermore, one of the officers unlawfully aimed a firearm at Plaintiff while attempting to park during the stop.

23. Despite providing valid driver's license and registration and asserting his right to be free from unreasonable searches and seizures, Plaintiff was unlawfully arrested and verbally abused by the arresting officers. One officer even displayed ego and an abuse of power by stating, "if I would have acted right and not tried to be tough, I wouldn't be here."

24. Furthermore, Plaintiff's vehicle was unlawfully seized and towed due to the actions by the defendants, causing further deprivation of Plaintiff's rights and property.

25. Plaintiff was wrongfully subjected to wrongful arrest and court proceedings where none of the arresting officers attended, depriving Plaintiff of his rights and due process under the law.

26. The conduct of the Chicago Police Department and its officers, as set forth herein, violated Plaintiff's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

27. The Plaintiffs, charges were Dismissed following the defaulted attendance of the Defendant officers, for lack of evidence and/or probable cause.

## 22ND DISTRICT COMPLAINT
*Unlawful stop, Harassment, Detainment, Unlawful Search and Seizure, and Excessive force*

28. This incident took place on February 13, 2023, after Plaintiff and his younger brother left X Sport Gym in Chicago Ridge. While driving through Washington Heights of Chicago, IL, and stopping at a gas station before exiting onto the expressway, Plaintiff was unlawfully stopped by an unmarked squad car.

29. During the stop, the Defendant officer Carlos Ponce (#11493) intiated a unlawful stop along with Defendant officers, Anthony Sanchez (#11387), Marcus Turner (#14203), and Gabriel Campos (#2153) insisted that Plaintiff exit his vehicle without providing an explanation for the stop. Despite confirming that Plaintiff was a valid driver with valid registration and his request for a sergeant to be present on the scene, Defendants forcibly removed Plaintiff from his vehicle by unlocking the car door, opening it, and removing his seat belt against his will.

30. Plaintiff explicitly stated that he did not consent to any unlawful searches or seizures. However, he was unlawfully detained for over 30 minutes while the officers searched his vehicle, causing damage to his property by ripping apart the center console, floor rug, and panel in an attempt to find something.

31. After being held outside in the cold rain for over 30 minutes, Plaintiff and his brother were then let go back into the vehicle and given a blank ticket that had not been filled out, further indicating the misconduct and lack of lawful basis for the stop.

32. Additionally, Plaintiff requested that all the officers ensure their body cameras were activated, further demonstrating his commitment to transparency and accountability.

33. The repeated conduct of the Chicago Police Department and its officers, as set forth herein, violated Plaintiff's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendants, and grant such other and further relief as the Court deems just and proper.

## PARTIES

34. *Plaintiff*, Cordarro Dorsey, is an adult resident of the City of Chicago, County of Cook, State of Illinois. On several occasions, with several CPD districts, I have been subject to exessive force, false arrest, malicious prosecution, unlawful search and seizure, damage to property and retaliation stemming from unlawful traffic stops, improper procedures and abuse of power.

35. *Defendant*, The City of Chicago, is a municipal corporation organized and existing under the laws of the State of Illinois, with its principal place of business at Chicago, IL, 60602.

36. *Defendant*, Chicago Police Department, is a law enforcement agency operating within The City of Chicago, County of Cook, State of Illinois, and also a policy holder and/or policy enforcement entity, Overseen By The City Of Chicago.

## JURISDICTION AND VENUE

37. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the claims presented arise under the Constitution and laws of the United States.

38. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## ALLEGATIONS OF FACT

39. The City of Chicago, through its policies, practices, and customs, has created and maintained a widespread pattern and practice of unconstitutional conduct by its law enforcement agency, the Chicago Police Department.

40. The unconstitutional conduct includes, but is not limited to, unlawful search and seizure, wrongful arrest, false imprisonment, property damage, pain and suffering, emotional distress, and police misconduct, all in violation of the United States Constitution and Illinois state law.

41. The City of Chicago, as the moving force behind the Chicago Police Department, has implemented policies, practices, and customs that encourage, condone, and protect the unlawful conduct of its officers.

42. The Defendants' conduct, as described herein, has caused significant harm to the Plaintiff, including the violation of their rights under the Fourth Amendment to the United States Constitution, as well as other federal and state laws.

## CITY OF CHICAGO COMPLAINT, BY PLAINTIFF.

*Exessive use of force, Civil Rights Violation, Police Misconduct, Discriminatory Practice, Inadequate Training.*

43. The City Of Chicago policies and practices are, and have been factually proven to be the moving force behind these continuous violations and acts of misconduct. The effects have become widespread to such a degree that elaboration is no longer needed. The City of Chicago, through the Chicago Police Dept. have maintained policy and practice in whcih is ongoing and longstanding, currently and historically; one that has been penalized and ivestigated for racial profiling, racially influenced traffic stops, and practicing methods that indirectly oppose the U.S. Constitution, along with the communities free humans it was declared to serve. History, along with major lawsuits, and large settlements are a clear indication of fact, that the Chicago Police Department continues to engage in misconduct and discrimination. This shows and has been proven in numerous federal and state court hearings to be a pattern and practice; that in fact still remains a widespread custom throughout so many neighborhoods and communities today. the Investigative policies set forth do not purely ensure de-escalation methods. Exessive force, and Unlawful searches and seizures, have costed the City of Chicago Billions in the past decade alone. CPD Officers have become complacent in knowing they have some type of "immunity" backed by the City Of Chicago's policies, and practices set forth. Their "Code Of Silence" in which has been recognized by the DOJ, Internal affairs, and other agencies whom were formed to sheild, and protect the rights of the people it is set to serve; has also been recognized by the courts, in result of the malicious acts, and prosecutions used to deprive individuals of their human rights to freedom, liberty, and due process. It has come to the attention of the community, the media, the state and federal courts, and communities nationwide, that particular Chicago communities and residents, have been subjected to a series of unlawful traffic stops and arrests, with the city of Chicago appearing to exert influence in these incidents. Furthermore, these encounters have been marked by police harassment, and there are also indications of the unlawful use of databases, to access civilian public, driving, and arrest records, in attempts to find probable cause in order to seize and furthermore deprive individuals such as the Plaintiff. These issues raise significant concerns about potential misconduct and violations of the Plaintiffs rights.

-REYNOLDS V. CITY OF CHICAGO, 296 F.3D 524

-CAMPBELL V. CITY OF CHICAGO, 119 F.2D 1014

-HALL V. CITY OF CHICAGO, 953 F.3D 954, 942

-MENDEZ V. CITY OF CHICAGO, 18-CV-6313

## **CAUSE OF ACTION/VIOLATIONS**

Count I: Violation of U.S. Const. Amend IV - Unlawful Search and Seizure

44. Plaintiff incorporates paragraphs 1-43 as if fully set forth herein.

45. The Defendants failed to act under color of law, and so conducted unlawful and unreasonable searches and seizures of the Plaintiff's person, and/or property, without a valid warrant or probable cause, violating the Plaintiff's rights under the Fourth Amendment to the United States Constitution.

46. This conduct has been proven to be a direct result of the City of Chicago's policies, practices, and customs, which encouraged, condoned, and protected such unlawful conduct by the Chicago Police Department.

Count II: Violation of 18 U.S.C. § 241 - Conspiracy Against Rights

47. Plaintiff incorporates paragraphs 1-43 as if fully set forth herein.

48. The Defendants, failed to act under color of law and in conspiracy with one another, conspired to deprive the Plaintiff of their constitutional rights, including the right to be

free from unlawful searches and seizures, in violation of 18 U.S.C. § 241.

49. The City of Chicago's policies, practices, and customs have facilitated and encouraged this conspiracy, making the city the "moving force" behind the Defendants' actions.

Count III: Violation of 42 U.S.C. § 1983 - Civil Rights Violations

50. Plaintiff incorporates paragraphs 1-43 as if fully set forth herein.

51. The Defendants, failure to act under color of law and manipulative practices pursuant to the policies, practices, and customs of the City of Chicago, violated the Plaintiff's civil rights as guaranteed by 42 U.S.C. § 1983.

52. These violations include unlawful search and seizure, wrongful arrest, false imprisonment, property damage, verbal abuse, pain and suffering, emotional distress, and police misconduct.

Count IV: Violation of 42 U.S.C. § 1982 - Discrimination in Property Rights

53. Plaintiff incorporates paragraphs 1-43 as if fully set forth herein.

54. The Defendants, failure to act under the color of law while strategically imposing abuse of power in pursuant to the policies, practices, and customs of the City of Chicago, violated the Plaintiff's rights under 42 U.S.C. § 1982 by engaging in discriminatory conduct related to property rights.

55. This conduct has resulted in property damage and the deprivation of the Plaintiff's rights to enjoy and possess property free from discrimination.

Count V: Violation of 720 ILCS 5/10-3 - False Imprisonment

56. Plaintiff incorporates paragraphs 1-43 as if fully set forth herein.

57. The Defendants, did not properly act under the color of law and/or in accordance with the policies, practices, and customs of the City of Chicago, falsely imprisoned the Plaintiff in violation of 720 ILCS 5/10-3.

58. The Defendants' actions resulted in the unlawful restraint and confinement of the Plaintiff's freedom on numerous occasions.

## PRAYER FOR RELIEF

59. Plaintiff seeks the following relief:

  a) Compensatory damages in the amount of $250,000.00 for the unlawful search and seizure, wrongful arrest, false imprisonment, property damage, pain and suffering, emotional distress, and police misconduct inflicted upon the Plaintiff.

  b) Injunctive relief to halt the City of Chicago's unconstitutional policies, practices, and customs, and to implement reforms ensuring the protection of individuals' rights.

  c) Any possible Attorney's fees and costs incurred in bringing this action.

  d) Any other relief deemed just and proper by the Court.

DEMAND FOR JURY TRIAL

60. Plaintiff demands a trial by jury on all issues triable by a jury.


12-31-2023
Kindly,
Cordarro T. Dorsey